IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID ARMENDARIZ MEDINA, § | | |
| TDCJ-CID NO. 446943, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | No. 3:08-CV-1563-P | |
| § | | |
| RICK THALER, Director, Texas § | | |
| Dept. of Criminal Justice, Correctional § | | |
| Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Institutional Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent, formerly Nathaniel Quarterman, is Rick Thaler, Director of TDCJ-CID.

**II. Background**

On February 18, 1987, Petitioner was convicted of murder and sentenced to ninety-nine years imprisonment. *State of Texas v. David Armendariz Medina*, No. F87-92550-JQ (Crim. Dist. Ct. No. 228, Dallas County, Tex., Feb. 18, 1987). Subsequently, in Madison County, Texas, while serving his prison sentence, Petitioner received a two-year sentence to run consecutive to his ninety-nine years' sentence for possession of a weapon in a penal institution.

*State of Texas v. David Armendariz Medina*, No. 8592 (Crim. Dist. Ct. No. 12, Madison County, Tex., Oct. 24, 1989). Petitioner is not challenging his convictions and sentence, but rather he challenges the Board's failure to release him to mandatory supervision and the failure of prison officials to restore his lost good-time credits. Petitioner has filed one state application for habeas corpus relief, raising the issues of denial of his release to mandatory supervision and failure to restore his lost good-time credits. The state application was filed on May 6, 2008, and was denied without written findings by the court on June 9, 2008. *Ex parte Medina*, No. 21,039-03.

On September 4, 2008, petitioner filed the instant petition with this Court. He argues as follows:

(1) the Board's failure to release him to mandatory supervision denied him due process; and

(2) the failure to restore his lost good-time credits denied him due process because it violated the *ex post facto* clause of the Constitution.

On March 27, 2009, Respondent filed an answer to the petition arguing that the petition is barred by limitations. The Court now finds the petition should be dismissed as time-barred.

### III. Discussion

#### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas

proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

Petitioner argues that he was entitled to release to mandatory supervision on August 22, 2006. The Director argues that the period for the statute of limitations began to run no later than August 23, 2006, and ended no later than August 22, 2007, unless the petitioner is entitled to statutory tolling of this period.

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner also argues that the failure to restore his good-time credits denied him due process and violated the *ex post facto* law. Respondent argues that Petitioner should have discovered this claim by November 20, 1993, when he knew all the factual bases for this claim or could have discovered them through the exercise of due diligence. The Director claims that the statute of limitations one-year period would have began to run no later than April 24, 1996, the date of enactment of the AEDPA, and ended no later than April 24, 1997.

The Court finds that, in either event, the statute of limitations began running for Petitioner on August 23, 2006. Petitioner did file a state application for habeas corpus relief, which would have tolled the one-year statute of limitations; however, Petitioner did not file that state petition until 258 days after the one-year limitations period would have run on August 23, 2007. The date the state application for habeas corpus relief was filed was May 6, 2008. Therefore, since it was filed after the time had run for his federal habeas petition under the AEDPA, Petitioner receives no tolling for the time his state petition was pending.

B. **Equitable Tolling**

The one-year limitations period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96

F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has not shown that he was misled by the state or prevented in some extraordinary way from asserting his rights. Petitioner waited until 258 days after the one-year limitations period had expired before he filed his state petition. Petitioner has not shown that he diligently pursued his habeas remedies. *See Coleman,* 184 F.3d at 402 (stating that for equitable tolling to apply, the applicant must diligently pursue habeas corpus relief). Additionally, "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (citing *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)). Petitioner has not shown that he is entitled to equitable tolling.

## RECOMMENDATION

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitations period. *See* 28 U.S.C. §2244(d).

Signed this 25th day of February, 2011.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).